[Cite as *State v. Behnfeldt*, 2021-Ohio-1915.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| JILL BEHNFELDT, | : | Case No. 2020CA00105 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:              Appeal from the Alliance Municipal
                                     Court, Case No. 2019-CRB-1198

JUDGMENT:                            Affirmed

DATE OF JUDGMENT:                    June 2, 2021

APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

RONALD T. GATTS                               AARON KOVALCHIK
City of Alliance Law Director's Office        116 Cleveland Ave. North
470 E. Market Street                          Canton, Ohio 44702
Alliance, Ohio 44067

*Baldwin, J.*

**{¶1}** Appellant, Jill Behnfeldt, appeals the decision of the Alliance Municipal Court finding her guilty of the offense of assault in violation of R.C. 2903.13(A), a first-degree misdemeanor. Appellee is the State of Ohio.

## STATEMENT OF FACTS AND THE CASE

**{¶2}** Appellant, Jill Behnfeldt, decided that Gary Wheatley was trespassing on her property and that it was necessary to use physical force to eject him. As he walked to his home across what he believed was an easement across Behnfeldt's property, she shouted at him, quickly approached him and began pushing and striking him in the head and body, knocking him to the ground. Behnfeldt was charged with assault, a violation of R.C.2903.13(A), and ultimately convicted by a jury.

**{¶3}** Gary Wheatley, a neighbor of Behnfeldt, was aware of Behnfeldt's attitude toward trespassers as she clearly marked her property with no trespassing signs and she warned him away from her property when he would come near as he mowed his lawn. Wheatley and Behnfeldt had a prior dispute regarding a strip of property through which Wheatley believed Behnfeldt possessed only a utility easement. Wheatley mowed the grass on that strip until a conflict arose and the local police department advised against continued mowing of that area.

**{¶4}** On July 14, 2019 Wheatley noticed that a new neighbor was installing a fence around their property and Wheatley decided to introduce himself. He walked through another neighbor's property and across that portion of the neighbor's property where Wheatley believed the utility easement existed, taking care not to encroach onto Behnfeldt's property. He took the same route back and was confronted by Behnfeldt.

She ordered him off her property, approached him and began pushing and striking him. Wheatley responded, attempted to back away and covered his chest with his hands to protect a pre-existing aortic defect. He fell to the ground as a result of Behnfeldt's actions. After the encounter, Behnfeldt returned to her home.

{¶5}　Wheatley returned to his home and discovered that the physical confrontation had caused him to lose a tooth, left scratches on his wrist and broke his watch band.　He called the sheriff's office and a deputy appeared and, after investigation, charged Behnfeldt with assault.

{¶6}　The case was presented to a jury on July 20, 2020 and the facts surrounding the physical contact between Behnfeldt and Wheatley were not contested. The location of the boundary lines of the property and whether Wheatley had trespassed were at issue as was whether Behnfeldt had used reasonable force to eject Wheatley, if he had encroached on her property.

{¶7}　Wheatley insisted that he took great care to avoid Behnfeldt's property, given his prior conflict with her over the mowing of the lawn and the visible no trespassing signs. He did not stray off a path that he believed was an easement and did not enter what he believed was Behnfeldt's property.　Behnfeldt insisted that Wheatley was on her property, but did not testify.　She did not provide a survey or any measurements to corroborate her argument that Wheatley trespassed on property, nor did she provide evidence that the strip in question was more than a utility easement through which she possessed any more than a right to maintain whatever utility may be located within that property.

{¶8}    Behnfeldt did have a video camera trained on the scene and captured most of the confrontation between she and Wheatley.  The state presented excerpts of the video showing Wheatley walking from right to left on the screen and minutes later, from left to right.  Wheatley confirmed the video shows him walking across what he believed was an easement that benefited Behnfeldt's land, and not property to which she held title.  During his second appearance in the video, when he was returning home, Behnfeldt can be heard shouting at him. Wheatley responds and gestures to the strip of property that, at the time, he believed was an easement.  Behnfeldt appears in the video, striding directly to Wheatley and begins shoving him and what appears to be chasing after him as she pushes him.  Both disappear from the video, but a witness, Kayla Dickson, confirmed that Behnfeldt struck Wheatley several times during the confrontation.   The video also supports a conclusion that Wheatley was voluntarily moving in the direction Behnfeldt was shoving him, but, rather than terminate the confrontation, Behnfeldt continued after him and continued to push and strike Wheatley.

{¶9}    Behnfeldt was found guilty, fined $500.00 and sentenced to 180 days in jail, with 90 days suspended.  She was ordered to have no contact with Wheatley, to undergo psychological counseling and to comply with psychological recommendations for a minimum period of six months.

{¶10}  Behnfeldt filed an appeal and submitted one assignment of error:

{¶11}  "I. APPELLANTS CONVICTION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

**STANDARD OF REVIEW**

**{¶12}** The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins,* 78 Ohio St.3d 380, 1997–Ohio–52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held as follows: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

**{¶13}** In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins, supra,* at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

**{¶14}** The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass,* 10 Ohio St.2d 230, 237 N.E.2d 212 (1967).

The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997–Ohio–260, 674 N.E.2d 1159.

### ANALYSIS

**{¶15}** Behnfeldt contends that the record lacks sufficient evidence to support her conviction for assault and that her conviction is against the manifest weight of the evidence. She argues that she did not assault Wheatley, but that he was a trespasser and that she used reasonable, nondeadly force to eject him from her property. Behnfeldt claims her actions were in defense of her property consistent with R.C. 2901.05(B)(1) and that she did not commit an assault in violation of R.C. 2903.13(A).

**{¶16}** The state charged Behnfeldt with a violation of R.C. 2903.13(A) which states: "No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." "Physical harm to persons" means any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). The testimony of Wheatley, Officer Paris, and Kayla Dickson, the photographs taken by the officer and the video of the confrontation between Behnfeldt and Wheatley supply sufficient evidence for the jury to conclude that Behnfeldt did knowingly cause or attempt to cause physical harm to Wheatley. The video of the assault, supported by Wheatley's confirmation, shows that Behnfeldt pushed Wheatley. Wheatley and Kayla Dickson testified that Behnfeldt struck Wheatley several times and Wheatley claimed that the assault caused a scratch on his left hand, knocked a tooth from his mouth and broke his watch band. No evidence was offered to contradict these facts, so the jury had sufficient evidence to decided that an assault was committed, beyond a reasonable doubt.

**{¶17}** Behnfeldt contends that she was merely defending her property by ejecting a trespasser, that her actions were authorized by R.C. 2901.05 and that the state failed to establish, beyond a reasonable doubt, that she was not entitled to the protection of that section of the Code.

**{¶18}** Revised Code 2901.05(B)(1) states:

A person is allowed to act in self-defense, defense of another, or defense of that person's residence. If, at the trial of a person who is accused of an offense that involved the person's use of force against another, there is evidence presented that tends to support that the accused person used the force in self-defense, defense of another, or defense of that person's residence, the prosecution must prove beyond a reasonable doubt that the accused person did not use the force in self-defense, defense of another, or defense of that person's residence, as the case may be.

**{¶19}** Behnfeldt argues that Wheatley trespassed upon her land after being warned against trespassing. The record contains evidence that tends to support that Wheatley was trespassing on Behnfeldt's property and that she used force in defense of her residence. Behnfeldt had a "common law right of ejecting, by use of reasonable force, trespassers upon [her] property. Such reasonable force is in fact a defense to a charge of assault." *State v. Howell*, 5th Dist. Stark No. CA-7178, 1987 WL 19096, *3. The right to eject a trespasser arises after the trespassing is given warning or notice to leave, but fails to do so within a reasonable time. *State v. Childers*, 133 Ohio St. 508, 516, 14 N.E.2d 767, 770–71 (1938). "What constitutes reasonable force to eject is a question for the trier of fact. *State v. Ashworth,* 11th Dist. No. 99–P–0094, 2001 WL 180225, *5, fn. 4 (Feb. 26,

2001), quoting *Childers*, at 515, as quoted in *State v. Pedro,* 7th Dist. Mahoning No. 11-MA-128, 2012-Ohio-3674, ¶ 27.

**{¶20}** The video does not show that Wheatley posed a threat to Behnfeldt's property or that he planned to remain on her property in contradiction of her direction to leave. A reasonable juror could have concluded that Wheatley's path would have taken him from Behnfeldt's property in seconds if he had not been confronted by her shouts and assault. He delayed long enough to express his opinion that he was not trespassing.

**{¶21}** The record contains sufficient evidence for the jury to conclude that he was a trespasser, but it also contains sufficient evidence for the jury to conclude, beyond a reasonable doubt that Behnfeldt's did not act in defense of her property. The jury had sufficient evidence before it to conclude that Behnfeldt did not allow Wheatley reasonable time to comply and that the force that she used to eject him was not reasonable under the circumstances. Behnfeldt rushed up to Wheatley shouting at him to leave her property, and pushed him from her property and continued to pursue him, striking him repeatedly after he had stepped from her property.

**{¶22}** We conclude that the record contains sufficient evidence to support the jury's finding that Behnfeldt was guilty of assault and that she was not acting in defense of her property, both beyond a reasonable doubt. Further, the conviction is not against the manifest weight of the evidence as this is not an exceptional case in which the evidence weighs heavily against the conviction.

**{¶23}** The assignment of error is overruled and the decision of the Alliance Municipal Court is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.